IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SANDRA HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-12-470-D |
| | ) | |
| AMERICAN INTERNATIONAL GROUP, INC., d/b/a AMERICAN INTERNATIONAL COMPANIES and GRANITE STATE INSURANCE COMPANY, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | **JURY TRIAL DEMANDED** |

# COMPLAINT

1. Plaintiff is resident of the State of Oklahoma, residing in Stroud, Oklahoma.

2. American International Insurance Group, Inc. ("AIG") is domiciled in Delaware, has its headquarters and principal place of business in New York City and does business in Oklahoma.

3. Granite State Insurance Company is domiciled in Pennsylvania, has its headquarters and principal place of business in New York City and does business in Oklahoma.

4. Venue is proper in the Western District of Oklahoma pursuant to 28 U.S.C. § 1391.

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the parties have diverse citizenship and the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest.

6. AIG is an insurance holding company which owns and controls several insurance companies including Defendant, Granite State Insurance Company. AIG markets and administers its insurance products as though the insurance is provided by AIG or American International Companies and then issues the policy through one of its subsidiaries which in this case was Granite State Insurance Company. AIG owns and controls Granite State Insurance Company such that Granite State Insurance Company is a mere instrumentally and the alter ego of AIG.

7. On May 11, 2009, Plaintiff was injured in a motor vehicle collision which was caused by the negligence of an underinsured motorist.

8. At the time of this motor vehicle collision Plaintiff was insured under an automobile liability insurance policy issued by Defendants which contained uninsured and underinsured motorist coverage.

9. As a direct result of the motor vehicle collision Plaintiff, Sandra Harris, suffered physical bodily injury, pain and suffering, medical expenses, lost wages and other injuries which were in excess of all available automobile insurance coverage.

10. Plaintiff submitted an underinsured motorist caim to Defendants.

11. Defendants, in their handling of Plaintiff's claim and as a matter of routine claim practice breached the insurance contract and their implied covenant of good faith and good dealing with Plaintiff in the following respects:

      a.      by refusing to properly investigate the Plaintiff's claim for benefits;

      b.      by refusing to properly and timely evaluate and promptly pay the Plaintiff's claim for policy benefits;

      c.      by refusing to consider the reasonable expectations of its insureds;

      d.      by knowingly misconstruing and misapplying the terms of the policy;

      e.      by forcing Defendants to hire an attorney to obtain policy benefits that Defendants knew to be owing to its insured.

      f.      by failing to pay any UM/UIM policy benefits to Plaintiff when Defendant knew Plaintiff's claim for such benefits was valid, that Defendants' liability for UM/UIM benefits was undisputed, and that Plaintiff was entitled to those benefits;

      g.      by refusing to honor Plaintiff's claim in some instances for reasons contrary to the express provisions of the policy and/or Oklahoma law;

      h.      by refusing to honor Plaintiff's claim in some instances by applying restrictions not contained in the policy;

      i.      failing to adopt and implement reasonable standards for the prompt investigation and reasonable handling of claims arising under these policies, to include Plaintiff's claim; and

      j.      by not attempting in good faith to effectuate a prompt, fair and equitable settlement of Plaintiff's claim once liability had become reasonably clear.

      k.      by unreasonably delaying investigation evaluation and payment.

      l.      by improperly attempting to credit or assert a set off in violation of Oklahoma law, and by offering unreasonably low settlement.

12.     As a direct result of Defendants' breach of the implied covenant of good faith and fair dealing, Plaintiff has suffered loss of policy benefits, emotional injury, anxiety, distress, worry and other incidental and other consequential damages.

13.     Defendants' actions were intentional, willful, malicious, wanton and/or reckless, for which punitive damages should be assessed against Defendants.

WHEREFORE, Plaintiff prays for judgment against Defendants in an amount exceeding $75,000.00 actual damages, punitive damages, interest, costs of this action, and for such other and further relief as this Court deems just and proper.

                                                 s/Steven S. Mansell
                                                 Steven S. Mansell, OBA #10584
                                                 Mark A. Engel, OBA #10796
                                                 Kenneth G. Cole, OBA #11792
                                                 MANSELL ENGEL & COLE
                                                 101 Park Avenue, Suite 665
                                                 Oklahoma City, OK 73102
                                                 Telephone: (405) 232-4100
                                                 Facsimile: (405) 232-4140
                                                 ATTORNEYS FOR PLAINTIFF

**JURY TRIAL DEMANDED**
**ATTORNEY LIEN CLAIMED**